STATE of Missouri, Respondent,

v.

Gregory DAY, Appellant.

No. 69627.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1999.

Mary Choi, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

A jury convicted Gregory Day (Defendant) of multiple counts of murder, assault, robbery and armed criminal action. Defendant appealed his conviction. This Court heard the matter and remanded the cause for an evidentiary hearing to determine the voluntariness of specific statements made by Defendant. *See State v. Day*, 970 S.W.2d 406 (Mo.App. E.D.1998). The trial court held its hearing on 17 September 1998. Following the evidentiary hearing, the trial court found that Defendant's statements were freely and voluntarily made. As required, the trial court judge certified his opinion to be re-

turned to this Court. This is a new appealable issue from which Defendant appeals.

The facts of this case are set forth in detail in *State v. Day*, 970 S.W.2d 406 (Mo.App. E.D.1998). However, Defendant specifically claims that his conviction should be overturned because his post-arrest statement to the police that he wasn't worried because the police "didn't have any witnesses..." was not specifically found to be a knowing and voluntary waiver of his Miranda rights. *Id.* at 408. Upon remand, the trial court held a hearing to determine whether or not Defendant's statement was voluntarily made and, thus, properly admitted.

When deciding whether to allow the introduction of a defendant's incriminating statements in the face of Miranda objections, a trial court may base its decision on evidence heard at the suppression hearing, evidence received at trial, or both. *See State v. Blackman*, 875 S.W.2d 122, 135 (Mo.App. E.D.1994). The State must make a prima facie case by showing that the defendant was informed of his rights, could understand those rights, and that no physical force, threats, promises or coercive tactics were used to obtain the information. *State v. Simpson*, 606 S.W.2d 514, 516–17 (Mo.App. W.D.1980). If the prima facie case is made, the defendant must produce evidence which shows a "special circumstance" rendering the information involuntary. *Id.* The reviewing court must examine the totality of the circumstances to determine whether there was substantial evidence to support the trial court's decision. *State v. Banks*, 922 S.W.2d 32, 39 (Mo.App. S.D.1996). The trial court's factual findings regarding waiver will not be overturned unless clearly erroneous. *Id.*

At the evidentiary hearing, the State presented the testimony of the arresting officer and the defense presented the testimony of Defendant. The arresting officer testified that Defendant was given the Miranda warnings twice, once at his home and once at the police station, but refused to sign the written Miranda waiver form. Defendant testified that he was not given Miranda warnings nor was he shown a written waiver form with the Miranda warnings. However, Defendant admitted several times that he was aware of his rights and had asserted those rights in three prior and unrelated criminal charges. Defendant acknowledged that at the time he made the statement to the police, he knew that he had no obligation to say anything. Further, Defendant admitted that he was never questioned by more than one officer at a time. Following all of the evidence, the trial court judge found that Defendant's statement was freely and voluntarily made.

A defendant may waive the Miranda rights by orally indicating a willingness to cooperate in police questioning without signing a written waiver. *State v. Phillips*, 670 S.W.2d 28, 30 (Mo.App. W.D. 1984). Because of his felony history he was aware of and understood his Miranda rights. His criminal experience also acquainted him to criminal investigation and procedure. Police read him the Miranda warnings twice and attempted to have Defendant sign a written waiver. Defendant refused to sign the waiver, but indicated his willingness to cooperate with the police by answering their questions.

There was no evidence that Defendant did not understand his Miranda rights, his faculties were impaired or he was coerced into answering police questions. Given the totality of the circumstances, the trial court judge was not clearly erroneous in finding Defendant's statement to be voluntarily made.

We, therefore, affirm the judgment on all counts.

WILLIAM H. CRANDALL, Jr., Judge and CLIFFORD H. AHRENS, Judge, Concur.